IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' PENSION FUND;<br>ROOFERS' UNIONS WELFARE TRUST FUND;<br>CHICAGOLAND ROOFERS' APPRENTICESHIP<br>AND TRAINING FUND;<br>ROOFERS' RESERVE FUND;<br>ROOFING INDUSTRY ADVANCEMENT AND<br>RESEARCH FUND;<br>ROOFERS' LOCAL 11 PROMOTIONAL AND<br>ORGANIZATIONAL FUND;<br>NATIONAL ROOFING INDUSTRY PENSION PLAN;<br>and<br>UNITED UNION OF ROOFERS, WATERPROOFERS<br>AND ALLIED WORKERS LOCAL NO. 11,<br><br>          Plaintiffs,<br><br>vs.<br><br>CUEVAS CONSTRUCTION CO. d/b/a CUEVAS<br>ROOFING AND CONSTRUCTION COMPANY d/b/a<br>CUEVAS ROOFING,<br><br>          Defendant. | NO. 17-cv-6421<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND *et al*., by and through their attorneys JOHNSON & KROL, LLC, and complain of the Defendant, CUEVAS CONSTRUCTION CO. d/b/a CUEVAS ROOFING & CONSTRUCTION COMPANY d/b/a CUEVAS ROOFING ("CUEVAS"), as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management

1

Relations Act, 29 U.S.C. §§1132, 1145, and 186. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND and the NATIONAL ROOFING INDUSTRY PENSION PLAN (collectively "Trust Funds") are administered at 2340 S. River Road, Suite 305, Des Plaines, IL 60018 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The Trust Funds receive contributions from numerous employers pursuant to a Collective Bargaining Agreement ("CBA") between the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc., and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("Promotional Fund") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("Industry Fund") is an industry improvement fund administered in Hillside, Illinois.

6. Defendant CUEVAS is an Illinois Corporation with its principal place of business located in Chicago, Illinois.

2

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. CUEVAS is signatory to a Collective Bargaining Agreement ("CBA") with LOCAL 11. (A copy of the Collective Bargaining Agreement is attached as **Exhibit 1**; a copy of the Memorandum of Understanding is attached as **Exhibit 2**).

9. Through the CBA referred to in Paragraph 8, CUEVAS also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

10. Pursuant to the Trust Agreements, the Trustees adopted the Employer Contribution Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

11. Pursuant to the provisions of the CBA, the Trust Agreements, and the Collection Procedures, CUEVAS is required to make monthly reports of hours worked by bargaining unit employees and pay contributions to the Trust Funds, the Industry Fund and the Promotional Fund for each hour worked pursuant to the CBA at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

12. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. §1132) and provisions of the CBA, Trust Agreements, and Collection Procedures, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at

the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

13. Pursuant to provisions of the CBA, Trust Agreements and the Collection Procedures, employers who fail to submit their monthly contribution reports and contributions to the Industry Fund and the Promotional Fund on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the terms of the CBA, employers are required to deduct $0.97 for each hour worked by its employees under the CBA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis as hourly union dues.

15. As of today's date, CUEVAS has failed to submit its contribution reports and associated payments to the Plaintiffs for the months of April 2017, May 2017, June 2017, and July 2017.

16. As a result of CUEVAS's failure to remit its contribution reports for the period of April 2017 and July 2017, contributions, union dues, liquidated damages, and interest are all owed in an unknown amount.

17. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from CUEVAS.

18. Plaintiffs have complied with all conditions precedent in bringing this suit.

19. CUEVAS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order in favor of Plaintiffs and against CUEVAS in an amount unknown for contribution, union dues, liquidated damages, and interest due for the months of April 2017 through July 2017;

B. That this Honorable Court enter an Order in favor of Plaintiffs and against CUEVAS for any other amounts discovered to be owed by CUEVAS in addition to those in Paragraph A;

C. That CUEVAS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, Collection Procedures and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at CUEVAS's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

Respectfully Submitted,

/s/ Nicollette L. Khuans – 6320914
One of Plaintiffs' Attorneys

Nicollette L. Khuans
Johnson & Krol, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5472